UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NICOLE DUNGEY,

        Plaintiff,

                                       File No. 1:15-cv-378

v.

                                       HON. ROBERT HOLMES BELL

GENERAL MOTORS CORPORATION,

        Defendant.

_____/


**O P I N I O N**

      This is a wrongful termination case brought by Plaintiff Nicole Dungey, a former

employee of Defendant General Motors LLC (General Motors).[1] The matter is before the

Court on Defendant's motion for summary judgment. (ECF No. 6.) Plaintiff filed a response

(ECF No. 12), to which Defendant filed a reply (ECF No. 11). For the reasons that follow,

Defendant's motion will be granted.


**I.**

      This matter involves Plaintiff Nicole Dungey's termination from Defendant General

Motors. Plaintiff was an employee at General Motors beginning in April 1993. On or about

August 22, 2011, Plaintiff suffered an injury causing "prolonged and extended disability

---

[1] Plaintiff's complaint identifies Defendant as "General Motors Corporation" and, as a result, the
case caption also identifies Defendant as General Motors Corporation. Defendant notes that the
correct identification of General Motors is "General Motors LLC."

1

from employment." (Compl. ¶ 13.) On March 19, 2013, Defendant terminated Plaintiff's employment.

As an hourly employee of General Motors, Plaintiff was a member of and represented by the United Automobile Workers (UAW) "with respect to the terms and conditions of her . . . employment." (Huber Aff. ¶ 3, ECF No. 7-1.) "The terms and conditions of UAW represented hourly employees' employment are governed by a series of collective bargaining agreements as negotiated between [General Motors] and the UAW known as the GM-UAW National Agreement." (*Id.* ¶ 4.) The collective bargaining agreement (CBA) provides that employees who have been granted a leave of absence, but "who fail to report for work within three working days after the date of expiration of the leave, shall be considered as having voluntarily quit unless they have a satisfactory reason[.]" (CBA ¶ 111(b), ECF No. 7-1.) Defendant states that Plaintiff was terminated pursuant to this provision of the CBA. (Huber Aff. ¶ 6.)

Plaintiff contends, however, that a contract outside of the collective bargaining agreement was created through "express words, implications, or operation of law." (Compl. ¶ 9, ECF No. 1-3.) Plaintiff states that she was led to believe that it was General Motors' policy not to discharge employees while long-term disability benefits were in place and that she would not be terminated except for good cause. (*Id.* ¶¶ 7, 8.) After Plaintiff was fired, she filed this action on March 17, 2015, in Ingham County Circuit Court. Plaintiff raises two claims under state law: (1) breach of constructive employment contract; and (2) discharge against public policy. Defendant removed the case to federal court, alleging that jurisdiction

in this Court is proper because Plaintiff's state law claims are preempted by federal labor law. (Notice of Removal ¶ 5, ECF No. 1.)

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In reviewing a motion for summary judgment this Court cannot weigh the evidence, make credibility determinations, or resolve material factual disputes. *Alman v. Reed*, 703 F.3d 887, 895 (6th Cir. 2013); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (stating that on a motion for summary judgment "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"). "[T]he district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material fact. *Liberty Lobby*, 477 U.S. at 252. The proper inquiry is whether the evidence is such that a reasonable jury

could return a verdict for the non-moving party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476–80 (6th Cir.1989).

## III.

Defendant moves for summary judgment on Plaintiff's state law claims of breach of employment contract and discharge in violation of public policy. Defendant raises three grounds for summary judgment: (1) Plaintiff's state law claims are preempted by Section 301 of the Labor Management Relations Act (LMRA); (2) Plaintiff failed to comply with both mandatory internal union remedies and the required grievance procedure set forth in the collective bargaining agreement governing her employment with Defendant; and (3) Plaintiff's Section 301 claim is barred by the statute of limitations. (Def.'s Mot. Summ. J. 2, ECF No. 7.)

### A. Section 301 Preemption

Defendant first argues that resolution of Plaintiff's two state law claims will require interpretation of and reference to the collective bargaining agreement and, accordingly, that Section 301 of the LMRA preempts Plaintiff's state law claims.

Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). "[T]he Supreme Court has held that Section 301 preempts state law rules that substantially implicate the meaning of collective bargaining agreement terms." *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994). The preemptive reach of Section 301 is not "boundless," however. *Fox v. Parker Hannifin Corp.*,

914 F.2d 795, 799 (6th Cir. 1990). If a plaintiff's state law claim "can be resolved without interpreting the [CBA] itself, the claim is 'independent' of the CBA for § 301 preemption purposes." *Lingle v. Magic Chef, Inc.*, 486 U.S. 399, 410 (1988). That said, the Sixth Circuit has refused to

> limit[] § 301 pre-emption to cases where the precise meaning of precise words in the CBA is the crux of the state-based claim. Rather, we have found many state-based claims pre-empted because they have implicated the federal policies underlying federal labor law. In doing so, we have followed the dictates of the [Supreme] Court in *Allis-Chalmers* [*Corp. v. Lueck*, 471 U.S. 201, 210-11 (1985)] that "[t]hese policies required that 'the relationships created by [a collective bargaining agreement] be defined by application of an evolving federal common law grounded in national labor policy," and that "state-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of those parties, are pre-empted," *id.* at 213.

*Jones v. General Motors Corp.*, 939 F.2d 380, 383 (6th Cir. 1991).

The Sixth Circuit has developed a two-step approach to determine whether Section 301 preempts state-law claims.

> First, the district court must examine whether proof of the state law claim requires interpretation of the [CBA] terms . . . . Second, the court must ascertain whether the right claimed by the plaintiff is created by the [CBA] or by state law. If the right both is borne of state law and does not invoke contract interpretation, then there is no pre-emption. However, if neither or only one criterion is satisfied, section 301 pre-emption is warranted.

*DeCoe*, 32 F.3d at 216 (citations omitted).

Plaintiff contends that her claims are not preempted by the LMRA because, contrary to Defendant's assertions, Plaintiff's termination was not based on a provision of the collective bargaining agreement. Rather, Plaintiff argues that her termination "was based on

fabrications made through GM's agents that Plaintiff relied on for her employment. GM through its policies and agents, made representations and/or promises that termination would only be for just cause." (Pl.'s Resp. to Def.'s Mot. Summ. J. 2, ECF No. 12.) In support of her argument, Plaintiff cites *Toussaint v. Blue Cross & Blue Shield of Mich.*, 292 N.W.2d 880 (Mich. 1980). In *Toussaint*, the Michigan Supreme Court held that a provision of an employment contract providing that an employee shall not be discharged except for cause "may become part of the contract either by express agreement, oral or written, or as a result of an employee's legitimate expectations grounded in an employer's policy statements." *Id.* at 885.

In *Maushund v. Earl C. Smith, Inc.*, 795 F.2d 589 (6th Cir. 1986), the Sixth Circuit addressed an argument similar to Plaintiff's. There, a truck driver alleged that his employer breached an oral contract promising not to discharge the driver except for cause. *Id.* at 589. The employer removed the case to federal district court because the complaint also alleged the existence of a collective bargaining agreement between the employer and the Teamsters Union, of which the truck driver was a member. *Id.* The truck driver argued that "his oral contract rights under *Toussaint* are not preempted by federal law." *Id.* at 590. The court stated:

> It is undisputed that a collective bargaining agreement is in existence between the employer here and the Teamsters, that it covers employees and truck drivers such as [the plaintiff], and that [the plaintiff] is a member of Local 339 of the Teamsters. Under such circumstances we conclude, as did the district judge, that it is beyond question that [the plaintiff] must look to federal labor law for any relief and that his sole remedy, if any, lies not in state law but in the terms of the collective bargaining agreement. The collective bargaining

6

> process prohibits [the plaintiff] from engaging in separate negotiations with
> the company and precludes any actions to enforce such an agreement

*Id.* (internal citations omitted).

The Sixth Circuit has "unequivocally stated the implicit holding of *Maushund*: employees covered by a CBA cannot rely upon the existence of a separate, individual employment contract giving rise to state law claims." *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 801 (6th Cir. 1990) (citing *Ulrich v. Goodyear Tire & Rubber Co.*, 884 F.2d 936 (6th Cir. 1989)); *see also Jones*, 939 F.2d at 383 ("§ 301 preempts state law when . . . employees covered by a CBA . . . rely upon the existence of a separate, individual employment contract giving rise to state law claims."); *Johnson v. Delphi Corp.*, 261 F. Supp. 2d 955, 966 (S.D. Ohio 2003) ("The *Maushund* court specifically held that § 301 preempts claims recognized in *Toussaint* . . . ."). One court explained the holding in *Maushund* as follows:

> The rationale behind these cases is that the collective bargaining process
> extinguishes an individual employee's power to order her relations with her
> employer and creates a power vested in the union to act in the interests of all
> employees. Thus, once a plaintiff is covered by a CBA, "any contract would
> necessarily involve interpretation of the CBA and is thus preempted."

*McCarty v. Reynolds Metals Co.*, 883 F. Supp. 356, 362 (S.D. Ind. 1995) (citation omitted); *see also Jones*, 939 F.2d at 383 ("[I]f the asserted right itself is not created directly by the CBA, it would be the product of an individual contract for employment, which is itself forbidden by the CBA."). Plaintiff has not cited any case in which a court has allowed a breach of contract claim based on a contract independent of a CBA brought by a plaintiff who was covered by a CBA at the time the representations were made.

Based on the above law, the Court finds that federal labor law preempts Plaintiff's state law claims. Plaintiff was a member of and represented by the UAW. The terms and conditions of employment for UAW-represented employees "are governed by a series of collective bargaining agreements as negotiated between GM and the UAW." (Huber Aff. ¶ 4, ECF No. 1-1.) Plaintiff's state law claims are based on the alleged breach of a contract that was entered into independent of the collective bargaining agreement and while Plaintiff was covered by the collective bargaining agreement. Specifically, Plaintiff contends that it was Defendant's "policy not to discharge" employees when long-term disability benefits were in place and that Plaintiff relied upon Defendant's "policies, statements, and representations" that she would only be terminated for just cause. (Compl. ¶¶ 7-9, ECF No. 1-3.)

The Sixth Circuit has specifically held that a *Toussaint* claim, such as the one Plaintiff raises, is preempted by federal labor law. *Maushund*, 795 F.2d at 590. Moreover, Section 301 "preempts state law when . . . employees covered by a CBA . . . rely upon the existence of a separate, individual employment contract giving rise to state law claims." *Jones*, 939 F.2d at 383. Because the existence of a CBA forecloses Plaintiff's ability to separately negotiate and enforce agreements with Defendant, *Maushund*, 795 F.2d at 590, an examination of whether it was Defendant's "policy" not to discharge employees while long-term disability benefits are in place or except for good cause requires an interpretation of the CBA. *McCarty*, 883 F. Supp. at 362. To the extent Plaintiff argues that the asserted right negotiated is inconsistent with the CBA, this right would be the "product of an individual contract for employment, which is itself forbidden by the CBA." *Jones*, 939 F.2d at 383.

**B. Plaintiff Failed to Comply With the Grievance Process**

Because Plaintiff's claims are preempted by federal labor law, the claims "then actually present[] a hybrid § 301 suit for breach of a labor contract." *Simoneau v. General Motors Corp.*, 85 F. App'x 445, 448 (6th Cir. 2003). A claim under Section 301 of the LMRA must be brought within the six-month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983). The statute of limitations begins to toll "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation" of the CBA. *Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 1000 (6th Cir. 1994) (internal quotation marks omitted). Here, Plaintiff was terminated on March 19, 2013. (Compl. ¶ 5.) The complaint was filed on March 17, 2015. Accordingly, Plaintiff's claims are time barred.

Further, Plaintiff would not prevail even if she had filed a Section 301 claim within the applicable statute of limitations period. "Ordinarily . . . an employee is required to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." *DelCostello*, 462 U.S. at 169. Plaintiff "never initiated a union grievance challenging the separation of her employment from [General Motors] in March of 2013." (Huber Aff. ¶ 7, ECF No. 1-1.)

**IV.**

For the reasons stated, the Court will grant Defendant's motion for summary judgment. Judgment will enter in accordance with this Opinion.


Dated: <u>January 14, 2016</u>          <u>/s/ Robert Holmes Bell</u>
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE